STATE OF WEST VIRGINIA

**FILED**

**October 11, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **N.P., R.P., and J.P.-1**

**No. 16-0623** (Jackson County 15-JA-132, 15-JA-133, & 15-JA-134)

## MEMORANDUM DECISION

Petitioner Father J.P.-2, by counsel Erica Brannon Gunn, appeals the Circuit Court of Jackson County's June 1, 2016, order terminating his parental rights to eight-year-old N.P., four-year-old R.P., and two-year-old J.P.-1.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Ryan M. Ruth, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in terminating his post-adjudicatory improvement period and his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that he abused illegal drugs to such an extent that it affected his ability to appropriately parent his children. The DHHR also alleged that petitioner exposed his children to domestic violence. Finally, petitioner admitted that he used heroin.

Thereafter, the circuit court held a series of adjudicatory hearings during which it heard testimony that petitioner entered an inpatient drug rehabilitation program in Florida. Subsequently, petitioner stipulated to the conditions of abuse and neglect as alleged in the petition. By order entered on March 18, 2016, the circuit court granted petitioner a post-adjudicatory improvement period. Afterwards, a case plan was developed to correct the conditions of abuse and neglect. As part of his case plan, petitioner was required to attend

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because petitioner and one of the children in this matter share the same initials, the Court will refer to them as J.P.-1 and J.P.-2 throughout this memorandum decision.

Narcotics Anonymous/Alcoholics Anonymous meetings, participate in adult life skills and individual parenting skills classes, submit to drug screens, and undergo a psychological evaluation. Petitioner was also granted supervised visitation with his children. Shortly thereafter, petitioner pled guilty to one count each of grand larceny, obstruction, and trespassing, and was sentenced to approximately nine months of incarceration.

In April of 2016, the guardian filed a motion to terminate petitioner's post-adjudicatory improvement period and parental rights alleging that he failed to comply with his improvement period. Specifically, petitioner failed to initiate services or participate in supervised visitation since leaving an inpatient drug rehabilitation facility in 2015, failed to submit to a psychological evaluation, and has failed to participate in additional services in 2016. The following month, the circuit court held a dispositional hearing during which it heard evidence that petitioner failed to establish contact with the DHHR and failed to submit to a parental fitness evaluation. Petitioner testified that while he was incarcerated he signed up for several services, but had yet to begin these classes. It was uncertain whether these classes would adequately address the conditions of abuse and neglect. Petitioner admitted that he used drugs after he was granted a post-adjudicatory improvement period, withdrew from an inpatient drug rehabilitation program after only twenty days, and failed to fully comply with parenting classes and drug screens. By order entered on June 1, 2016, the circuit court terminated petitioner's improvement period and his parental rights. This appeal followed.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating his post-adjudicatory improvement period because he made arrangements to take numerous classes while incarcerated. West Virginia Code § 49-4-610 sets forth when a circuit court may grant, extend, or terminate an improvement period. Further, West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is

within the court's discretion to grant an improvement period . . . [and] it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993).

In petitioner's case, he failed to fully participate in his post-adjudicatory improvement period. It is clear from the record that the terms and conditions of his post-adjudicatory improvement period required him to attend Narcotics Anonymous/Alcoholics Anonymous meetings, participate in adult life skills and individual parenting skills classes, submit to drug screens, undergo a psychological evaluation, and exercise supervised visitation with his children. While petitioner testified that he made arrangements to take numerous classes, he admitted that he had yet to start any classes and was uncertain when these classes might begin. The circuit court also heard testimony that prior to his incarceration in March of 2016, petitioner failed to fully comply with parenting classes and drug screens, failed to submit to a parental fitness evaluation, and admitted to using drugs during the pendency of his post-adjudicatory improvement period. As such, it is clear that petitioner failed to fully participate in his improvement period or make sufficient progress. For these reasons, we find no error.

Lastly, petitioner argues that because N.P. was placed with her non-offending mother and the other children's permanency would not be impaired, a less-restrictive dispositional alternative to termination of his parental rights existed. However, the Court does not agree.

Petitioner's argument ignores the statutes that required the circuit court to terminate his parental rights. Specifically, the circuit court was required to terminate petitioner's parental rights pursuant to West Virginia Code § 49-4-604(b)(6). At disposition, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse or neglect because he "habitually abused or [was] addicted to controlled substances[,] . . . [was] unwilling to respond to or follow through with a reasonable family case plan[, and] demonstrated an inadequate capacity to solve the problems of child abuse or neglect on his own or with help." This finding was based on the fact that petitioner "has not participated with services since December [of] 2015" and "d[id] not dispute the fact that [he has] not complied with [his] improvement period." The circuit court also found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are required to terminate a parent's parental rights upon these findings.

Further, we have held that West Virginia Code § 49-4-604(b)(6) "permits the termination of one parent's parental rights while leaving the rights of the nonabusing parent completely intact, if the circumstances so warrant." *In re Emily*, 208 W.Va. 325, 344, 540 S.E.2d 542, 561 (2000). Further, "simply because one parent has been found to be a fit and proper caretaker for [the] child does not automatically entitle the child's other parent to retain his/her parental rights if his/her conduct has endangered the child and such conditions of abuse and/or neglect are not expected to improve." *Id.* As such, the Court finds no merit to petitioner's argument that the circuit court should have imposed the less-restrictive dispositional alternative so that petitioner could further attempt to correct the conditions of abuse and neglect. Because there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect

and termination was necessary for the children's welfare, the circuit court did not err in terminating petitioner's parental rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 1, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 11, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II